UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 15-14166-RGS

ROBIN DOUCETTE

v.

JAMES DEMARTEO

MEMORANDUM AND ORDER

February 24, 2016

STEARNS, D.J.

For the reasons stated below, this action is dismissed for lack of subject matter jurisdiction.

**BACKGROUND**

On December 24, 2015, this Court issued a Memorandum and Order in this pro se action granting plaintiff's motion for leave to proceed *in forma pauperis* and directing plaintiff to file an amended complaint providing this court with subject matter jurisdiction. *See* Docket No. 5. The December Memorandum and Order stated that this court lacks subject matter jurisdiction because no federal question is presented and, to the extent there is diversity jurisdiction, the amount in controversy does not exceed $75,000. *Id.*

On January 6, 2016, plaintiff filed a one-page amended complaint. *See* Docket No. 7. One week later, on January 13, 2016, she filed a second motion for leave to proceed *in forma pauperis*. *See* Docket No. 8. Earlier this week, she filed additional documents, including a copy of a judgment for plaintiff dated February 10, 2016, in the amount of $5,213.51 against James Dematteo. *See* Docket No. 10-12.

## DISCUSSION

In her amended complaint, plaintiff again alleges that defendant was a trusted friend who overcharged plaintiff for furniture purchases he made on her behalf. Plaintiff alleges that she has multiple sclerosis and only recently discovered that defendant is in New Mexico.

After careful review of the amended complaint, this Court finds that there are no facts alleged that would alter the prior findings set forth in the December Memorandum and Order. Plaintiff does not specify the claims against the defendant and does not clearly identify the jurisdictional basis for this action as requested by the December Memorandum and Order.

Finally, to the extent plaintiff may be seeking execution of the state court judgment, the proper procedure would be for plaintiff to seek the appropriate remedy in a state court under the relevant execution of judgment law. In Massachusetts, special rules apply to executions in small claims actions and a plaintiff may not obtain an execution until after a small claims payment hearing. *See* Rule 7(k), Uniform Small Claims Rules. Here, a payment review has already been scheduled for March 23, 2016 in small claims magistrate session. *See* Docket No. 10-12.

## ORDER

ACCORDINGLY, for the reasons stated above, and for all the reasons previously set forth in the December 24, 2015 Memorandum and Order, it is hereby Ordered that this action is DISMISSED in its entirety pursuant Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE